UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NITV, LLC                                      CASE NO.

V.

06 - 80223

**CIV-HURLEY**
**L HOPKINS**

ELWOOD GARY BAKER

_____/

## COMPLAINT

Plaintiff, NITV, LLC, a Florida limited liability company ("NITV), by and through

undersigned counsel, brings this Complaint against defendant, ELWOOD GARY BAKER

("BAKER"), for injunctive relief and damages, and in support thereof states as follows:

1.      This is an action arising under Section 2 of the Sherman Antitrust Act of 1890, 15

USC §2.

2.      This Court has federal question jurisdiction over these claims pursuant to 15

U.S.C. §4, and 28 U.S.C. §§ 1331 and 1337(a).

3.      Defendant BAKER is subject to the personal jurisdiction of this Court because he

resides in Florida and does business in Florida.

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because a

substantial part of the events giving rise to the claims occurred in this district.

## BACKGROUND

5.      NITV is the national leader in the field of voice stress analysis, and its computer

software, training and related services are utilized by more than 1,400 certified law enforcement

and federal agencies, including the United States military, here and abroad.



6.      Voice Stress Analysis or VSA is a significant investigative tool for law enforcement and other governmental investigative agencies.  VSA technology is based upon scientific research that has determined that all muscles in the body, including human vocal chords, vibrate in the 8 to 12 Hz range.  The brain releases a chemical that maintains constant muscle tension, so that measured increases in the vocal chords' vibration range, during the course of a question and answer set, can be directly correlated to stress.  Sensitive measurement employing established questioning methodologies, testing techniques, and built in safeguards can assist investigators in identifying deception.

7.      NITV is the leader in the field of voice stress analysis.  Since 1988, NITV has made substantial investments in research and software development to improve VSA technology.  NITV's reputation for producing a superior VSA system is unparalleled in the law enforcement community.

8.      NITV markets its VSA system under the trademark CVSA.  The CVSA mark identifies NITV as the source of origin for a complete VSA system.

9.      A complete CVSA system consists of computer hardware, computer software, interviewing and interrogation techniques, and specialized training.  Unlike a polygraph, the CVSA requires no wires be attached to the subject being tested. The CVSA uses a microphone plugged into the computer to analyze the subject's responses. When a test subject is lying, the automatic, or involuntary nervous system, causes an inaudible increase in the frequency of the human voice. The CVSA detects, measures, and displays changes in voice frequency.  As the subject speaks, the computer displays each voice pattern, numbers it and saves each chart to file.  Unlike the polygraph, drugs do not affect the results of the exam and there are no known

2

counter-measures that will cause the ubiquitous "inconclusive" results associated with a polygraph.

10.    The computer hardware used in the CVSA system is a laptop computer configured by NITV in order to meet the specifications for optimal performance with the CVSA software. While the computer hardware used with CVSA can be almost any modern laptop computer, proper and effective use of the CVSA system requires NITV to configure each laptop computer for specific use with the CVSA system. This requires the expenditure of time by trained personnel to properly set up and configure each system.

11.    The software used with the CVSA system was architected, written, developed, tested and compiled entirely by NITV at NITV's expense. The NITV software used in the CVSA system is the result of twenty years of development, refinement, and improvement by NITV based upon NITV's trade secret knowledge and testing and use in real world conditions by NITV and its customers.

12.    The original CVSA system was an analog system. Using the original CVSA system, agencies were able to solve crimes that, in some cases, had languished for years. In other cases, individuals that were either untestable or had been called "inconclusive" on the old polygraph agreed to take a CVSA exam and subsequently confessed to their crimes. Following the success of the analog CVSA, NITV developed a software version and incorporated this software into a powerful multi-functional notebook computer.

13.    The interviewing and interrogation techniques included with the CVSA include NITV's Defense Barrier Removal® or DBR® technique to obtain confessions with results that are swift and dramatic. Using NITV's techniques, "cold" cases can be solved by analyzing old

interview tapes. NITV's techniques help law enforcement get to the truth and accurately identify deception, or validate statements in the shortest possible time.

14.     Specialized training is required for anyone who operates the CVSA.  The process of analyzing and interpreting voice stress results can be a difficult and technical one.  Without the proper training, voice stress analysis results can be easily misinterpreted.

15.     NITV has spent in excess several millions of dollars developing the CVSA system, including the specialized training and techniques used with the system.

16.     NITV has spent in excess of one million dollars advertising and marketing the CVSA system.  Included within the amounts expended for marketing and advertising are substantial costs incurred by NITV in connection with its educational and lobbying efforts to gain acceptance for voice stress analysis technology among law enforcement agencies and the legislatures that fund those agencies.  In several states, including Florida, polygraph examiners have raised significant opposition to the use of voice stress analysis technology by law enforcement agencies for fear that these agencies will discover the advantage of the CVSA and restrict the use of polygraph examinations.  In an effort to counter the campaign against CVSA, NITV has devoted significant resources to successfully promote the use of voice stress analysis as a superior alternative to polygraph examinations.  These lobbying and promotional efforts have inured to the benefit of all voice stress analysis vendors, not just NITV.

17.     Since the late 1980's, NITV has expended large sums of money and significant man hours to develop its voice stress analysis software, hardware configurations, interviewing and interrogation techniques, and specialized training, as well as to promote the use of voice stress analysis and overcome resistance among law enforcement used to relying upon

polygraphers for truth detection. NITV's investment in research, development, education, marketing and promotion have earned it a much deserved position as the leader in voice stress analysis technology.

## BACKGROUND ON BAKER

18.     BAKER sells a competing voice stress analysis system called "BAKER-DVSA." The system sold by BAKER is based largely upon one created by the Diogenes Company, a company where BAKER used to work. In fact, the BAKER-DVSA is substantively identical to software developed and sold by the Diogenes Company.

19.     Upon information and belief, BAKER does not have a license from the Diogenes Company that would permit him to legally sell "BAKER-DVSA" software. Upon information and belief, the Diogenes Company is aware that BAKER is committing copyright infringement by selling "BAKER-DVSA" software but it has chosen not to prosecute BAKER for such infringement.

20.     "BAKER-DVSA" software is outdated and inferior. The "BAKER-DVSA" system is also difficult to operate and not user friendly.

21.     BAKER'S costs of producing and selling "BAKER-DVSA" software are nominal. Unlike NITV, BAKER employs no salespersons or staff and, with the exception of a web site, incurs no marketing expenses. In fact, BAKER is the only employee. BAKER did not develop his system and pays no licensing fees for its use, sale or distribution, and therefore, unlike NITV, has incurred no costs he must recoup. BAKER has offered his customers no improvements on his system and incurs no ongoing research and development costs to improve it. The training BAKER provides is based upon outdated materials developed by other

5

companies, including The Diogenes Company, and BAKER has incurred no costs associated with the production and use of such materials, other than the nominal costs of photocopying.

### BAKER'S PREDATORY AND ANTI-COMPETITIVE PRICING SCHEME

22.     As a general rule, firms that are recognized quality leaders in particular markets are able to command premium prices for their goods and services because the consumer is willing and able to pay more for goods and services of a higher quality.  However, the market for voice stress analysis systems is different.  Voice stress analysis systems are sold almost exclusively to law enforcement agencies with restricted budgets.  These agencies are extremely price sensitive.

23.     Because of the large investment and expenditures made by NITV to bring CVSA to the market and promote its acceptance, NITV has little control over the price it charges for each CVSA system.  The current price of the CVSA is a price that reflects NITV's costs plus a modest profit.  In addition, because the interviewing and interrogation techniques, and specialized training, have been developed at great expense and are integral to the use of the CVSA system, NITV must charge its customers for such training in addition to the cost of the CVSA system.

24.     NITV currently charges $9,995 for its CVSA system and $1,440 per student for training.  Moreover, NITV sells its CVSA system to law enforcement with a perpetual license that does not require annual renewal.

25.     BAKER has made little if any investment in the development of his voice stress analysis product.  As a result, BAKER has no investment to recoup when he sells "BAKER-DVSA" system.  The only cost to BAKER in selling his system is the time he must allocate to

6

training individuals to use it. This allows BAKER to basically give away his voice stress analysis system for free, provided purchasers pay for training.

26.     According to his web site, BAKER charges $9,950.00 for his system, which includes training for two (2) individuals at the customer's location.  BAKER permits multiple installations on any number of computers.  BAKER charges minimal tuition of only $1,250 for additional examiners. BAKER boasts on his web site that "Five examiners can be trained for one-half the cost of purchasing a competitor's system and training only one examiner."

27.     However, BAKER recently announced that he would give away his system for free to anyone who would agree to pay $1,200 per person for training.  This low-pricing scheme is extremely attractive to law enforcement agencies on restricted budgets, and BAKER has devised this predatory pricing scheme with the illegal intent of monopolizing the relevant market for voice stress analysis systems. Moreover, many law enforcement agencies believe that when they purchase the BAKER-DVSA system they are actually purchasing an NITV CVSA system or a system that is as good or better than the CVSA system, when in fact they are purchasing an inferior system.

28.     Unlike NITV, BAKER charges his customers a $300 annual re-certification and licensing fee per examiner to use his system.  As a result, BAKER is able to extract incremental revenue from customers to sustain his business despite the fact that he incurs no costs of doing business that would justify charging customers for an annual licensing fee.

## BAKER'S ANTICOMPETITIVE PRACTICES

29.     On February 24, 2005, BAKER filed a lawsuit against NITV, Case No. 2005CA001771 (the "Palm Beach County Lawsuit").  The Palm Beach County Lawsuit is based

7

upon unfounded allegations of defamation.  BAKER'S lawsuit is essentially a "SLAPP" suit

aimed at quashing the legitimate competitive practices engaged in by NITV intended to highlight

the shortcomings of BAKER'S system and methods.  A copy of the Complaint in the Palm

Beach County Lawsuit is attached hereto as Exhibit A.

      30.     BAKER initiated the Palm Beach County Lawsuit not for the purpose of seeking

and ultimately obtaining a proper remedy under the law, but rather  for the purposes of

interfering with, and increasing the costs of doing business for, a legitimate competitor within

the voice stress analysis market.

      31.     On information and belief, BAKER's true motive in bringing the Palm Beach

County Lawsuit is his desire to cause NITV to incur legal fees and costs in its defense and raise

the costs of doing business for NITV and prevent NITV from competing with BAKER for

business within the law enforcement community.

      32.     Moreover, because the BAKER-DVSA is substantially similar to software

developed and sold by the Diogenes Company, and BAKER does not have a license from the

Diogenes Company that would permit him to legally sell "BAKER-DVSA" software, BAKER'S

sale of the "BAKER-DVSA" software is predatory and anticompetitive.

      33.     NITV has retained the undersigned attorneys and have agreed to pay them a

reasonable fee therefor.

      34.     All conditions precedent to the bringing of this action have occurred or have been

waived.

## COUNT I
## (SECTION 2 OF THE SHERMAN ACT)

35.     The allegations of paragraphs 1 through 34 are incorporated herein by reference with the same force and effect as if set forth in full below.

36.     The acts of BAKER alleged herein affect interstate commerce.

37.     BAKER has engaged in predatory and anticompetitive conduct with the specific intent to monopolize the relevant market for voice stress analysis systems sold to law enforcement agencies.

38.     There is a dangerous probability that, unless corrected, BAKER'S predatory and anticompetitive conduct will result in BAKER achieving monopoly power in the relevant market.

39.     15 USC §2 makes it illegal to attempt to monopolize any part of interstate trade or commerce.

40.     BAKER's conduct described herein is in violation of 15 USC §2.

41.     There are no exemptions applicable to BAKER'S conduct described herein.

42.     NITV has been damaged by BAKER'S conduct described herein.

43.     NITV will continue to suffer irreparable harm as a result of BAKER'S conduct described herein unless an injunction is entered prohibiting BAKER from continuing to engage in predatory and anticompetitive conduct.

WHEREFORE, NITV prays this Court enter judgment for NITV and against BAKER for:

a.     NITV'S damages incurred as a result of BAKER'S predatory and anticompetitive conduct;

9

b.   Threefold the damages awarded by the Court pursuant to 15 USC §15;

c.   NITV's costs and reasonable attorneys' fees pursuant to 15 USC §15; and

d.   A preliminary and permanent injunction enjoining BAKER from engaging in the predatory and anticompetitive practices described herein within the relevant market.

WHEREFORE, NITV preys this Court enter judgment for NITV and against BAKER for preliminary and permanent injunctive relief, actual damages, treble damages, incidental, consequential and special damages, and attorneys' fees and costs.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED this _____ day of March, 2006.

Respectfully submitted,

RUTHERFORD MULHALL, P.A.
2600 N. Military Trail, 4th Floor
Boca Raton, FL 33431
Telephone: (561) 241-1600
Facsimile:  (561) 241-3815
email: jrothman@rutherfordmulhall.com

By: _____

Joel B. Rothman
Fla. Bar No. 0098220
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 2005 CA 001771 XXXX

ELWOOD GARY BAKER,

    Plaintiff,

vs.

NITV, LLC

    Defendant.
_____/

COPY
RECEIVED FOR FILING

FEB 2 4 2005

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

### C O M P L A I N T

ELWOOD GARY BAKER (hereinafter, "Mr. BAKER"), by and through his undersigned attorneys, hereby sues Defendant, NITV, LLC (hereinafter, "NITV") and states:

1.    Plaintiff Mr. BAKER is an individual who is over the age of 21 years, is not in the military and is otherwise *sui juris*.

2.    Mr. BAKER distributes and provides training for an instrument called the "DVSA" in competition with Defendant.

3.    Defendant NITV is a Florida Corporation whose principal place of business is located in Palm Beach County, Florida.

4.    NITV distributes and provides training for an instrument called the "CVSA" in competition with Mr. BAKER.

5.    This is an action for damages in excess of fifteen thousand dollars ($15,000.00) exclusive of interest, attorney's fees and costs.

# Exhibit A

6. All conditions precedent to the filing of this lawsuit have either been performed, been waived, or have been otherwise excused.

### Count I -- Defamation (*per se*)

7. Plaintiff reasserts and realleges paragraphs numbered 1 through 6 herein.

8. On or about the month of January, 2005, NITV prepared documents entitled "Law Enforcement Alert" and "Law Enforcement Scam Alert" and published same to numerous individuals and entities who are actual and potential customers of Mr. BAKER. Copies of the "Law Enforcement Alert" and "Law Enforcement Scam Alert" are attached hereto as "COMPOUND EXHIBIT A."

9. The "Law Enforcement Alert" and "Law Enforcement Scam Alert" contain false statements to third parties that when considered alone, without innuendo:

      a.    Tend to subject Mr. BAKER to hatred, distrust, ridicule, contempt or disgrace;

      b.    Tend to injure Mr. BAKER in his trade or profession; or

      c.    Attribute to Mr. BAKER either conduct, characteristics, or conditions incompatible with the proper exercise of a lawful business, trade, profession or office.

As such, they are defamatory *per se.*

10. The statements contained within the "Law Enforcement Alert" and 'Law Enforcement Scam Alert," and the publication thereof was done with intentional malice or at least negligently by NITV.

11. Notwithstanding the fact that the aforementioned documents are libelous *per se*, and therefore no special damages must be plead or proven, Mr. BAKER has suffered

damages in that customers of his, after receiving the aforementioned documents, canceled instructional seminars that Mr. Baker was to present to them.  Mr. Baker has suffered damages to his business and reputation.

## DEMAND FOR JURY TRIAL

12.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE Plaintiff Mr. BAKER respectfully requests this Court enter judgment against Defendant NITV, LLC:

        a.      Declaring the "Law Enforcement Alert" and "Law Enforcement Scam Alert" to be defamatory publications *per se*;

        b.      Awarding damages for lost business and profits;

        c.      Awarding damages for injury to personal and business reputation;

        d.      Awarding such other relief as this Court deems just and proper.

## Count II -- Defamation (*per quod*)

13.    Plaintiff reasserts and realleges paragraphs numbered one through 1 through 6, 8 and 10 herein.

14.    The "Law Enforcement Alert" and "Law Enforcement Scam Alert" contain statements to third parties that suggest impropriety and/or illegal acts had been committed by Mr. BAKER.  These documents were published to bring Mr. BAKER infamy, disgrace, ridicule, contempt, embarrassment and humiliation to Mr. BAKER by disclosing to third parties false statements, half-truths and  innuendo.

15.    Mr. BAKER has suffered damages in that customers of his, after receiving the aforementioned documents, canceled instructional seminars that Mr. BAKER was to

present to them.  These cancellations include, but are not necessarily limited to the

following, each of which had 20 + training slots available @ $ 1,250.00 per attendee ($

25,000.00 per seminar):

| A. | Sponsoring agency name: | Hoffman Estates Police Department: |
| | Date of training class: | February 21-25, 2005 |
| | Cancellation date: | January 28, 2005 |
| | | |
| B. | Sponsoring agency name: | Buffalo Grove Police Department |
| | Date of training class: | March 14-18, 2005 |
| | Cancellation date: | January 20, 2005 |
| C. | Sponsoring agency name: | LaSalle County Sheriff's Office |
| | Date of training class: | March 21-25, 2005 |
| | Cancellation date: | February 23, 2005 |

16.     On January 7, 2005, Mr. BAKER was advised that the Chief of the Round

Lake Illinois Police Department had ordered his department personnel to cease using the

Baker DVSA due to the NITV "Law Enforcement Alert" and "Law Enforcement Scam Alert."

Other agencies that received these publications have also stopped using Mr. BAKER's

services.

17.     These cancellations due to the publication of the libelous documents by NITV

have caused Mr. BAKER in excess of $75,000.00.  As a result of NITV's publication of the

"Law Enforcement Alert" and "Law Enforcement Scam Alert" Mr. BAKER has suffered

damages in the form of:

a.     Lost business and profits; and

b.     Injury to his personal and business reputation.

## DEMAND FOR JURY TRIAL

18.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE Plaintiff ELWOOD GARY BAKER respectfully requests this Court

enter judgment against Defendant NITV, LLC:

        a.    Declaring the "Law Enforcement Alert" and "Law Enforcement Scam

             Alert" to be defamatory publications;

        b.    Awarding damages for lost business and profits;

        c.    Awarding damages for injury to personal and business reputation;

        d.    Awarding such other relief as this Court deems just and proper.

### Count III -- False Light

19.    Plaintiff reasserts and realleges paragraphs numbered one through 1 through

6, 8, 10 and 15 thru 17 herein.

20.    The "Law Enforcement Alert" and "Law Enforcement Scam Alert":

        a.    Use Mr. BAKER's name without authorization for the benefit of NITV;

        b.     Disclose private facts to the public that a reasonable person would

             find objectionable; and

        c.    Place Mr. BAKER in a false light in the public eye (which is improper

             even if the facts may be true).

### DEMAND FOR JURY TRIAL

21.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE Plaintiff ELWOOD GARY BAKER respectfully requests this Court enter judgment against Defendant NITV, LLC:

      a.    Declaring the "Law Enforcement Alert" and "Law Enforcement Scam Alert" to be publications which present ELWOOD GARY BAKER in false light in the public eye;

      b.    Awarding damages suffered by ELWOOD GARY BAKER; and

      c.    Awarding such other relief as this Court deems just and proper.

Dated this _____ day of February, 2005

WATTERSON EAVENSON & ZAPPOLO, LLC
Attorneys for Plaintiff, ELWOOD GARY BAKER
4100 RCA Boulevard, Suite 100
Palm Beach Gardens, FL 33410
(561) 627-5000 (telephone)
(561) 627-5600 (facsimile)

BY: _____
SCOTT W. ZAPPOLO
Florida Bar Number 132438

P:\cpwin\HISTORY\050209_0001\1B70.37-doc55

# COMPOUND EXHIBIT A



NATIONAL INSTITUTE
FOR
TRUTH VERIFICATION

ecutive Director

pt. David Hughes (Ret.)
est Palm Beach P.D  West
lm Beach, FL
oard of Directors

airman & CEO
. Charles Humble
iminologist
est Pain. Beach. FL

. Hugh Ridlehuber
rensic Psychiatrist
lmont, CA ~
. James vallely
rensic Psvchologist
r. Thomas Joseph
riminologist St
ouis, MO

f James Chapman
iminologist Elmira.
y

ief William Withers
w Whiteland P D New
iteland, IN

nior Instructors

Cmdr. Bob Martin (Ret.)
Michael McQuillan (Ret.)
nce George's Co  P.D.
dover MD
Cmdr. Bill Engelman (Ret )
nilton Co. S.D  Cincinnati,

ef William Endler (Ret )
acuse P D. Syracuse, IN

len Foster, M.A.
nta P.D. Atlanta,

porate Pilot

tain Takashi Yamazaki

# Law Enforcement Alert

Recently Gary Baker of The Baker Group was sued in federal Court for False Advertising and Unfair Trade Practices. In ha deposition, Mr. Baker was exposed as an individual that is unfit to be in the 'truth verification' business. The following facts were either admitted to or discovered:

- Baker claims an earned M.A. and Ph.D. Baker admitted that he actually purchased them for S600.00 from an online diploma mill.

- Baker claims to be a polygraph examiner and instructor. Baker admitted that he has only four days of polygraph training.

- Baker admitted that he has provided false information concerning agencies that utilize his system.

- Baker admitted that he has unsatisfied financial judgments against him.

- Baker admitted to numerous bankruptcies.

- Baker admitted that most of the information that he has distributed concerning the comparison between the CVSA introduced in 1997 and his DVSA are false.

- Baker admitted that most of his prestigious sounding certifications are from the International Society of Stress Analysts (ISSA), which appears to be a shell organization

The accompanying pages go into detail concerning the deposition of Mr. Baker and his attempts to 'cash in' on the blossoming truth verification market utilizing voice stress analysis. Just as he admitted making up the term "PolyStress", almost everything about Mr. Baker is also made up and meant to mislead the law enforcement community.

A complete copy of Mr. Baker's deposition is available upon request.

# Law Enforcement Scam Alert

**Baker DVSA**

Recently, Gary Baker, a private investigator, was sued in Federal Court for False Advertising and Unfair Competition after he published a comparison sheet between his DVSA and the CVSATm. Baker had left the employment of The Diogenes Group in 2002 and introduced his own VSA. Baker gives away the software in the form of a so called 'grant', implying that a government agency had already paid the monies to have the system provided, if the receiving agency will pay $1,250.00 per student to be trained. Baker fails to tell prospective clients that his software is set to 'time out' after one year and the client will have to pay a fee each year to have it reactivated. Each student that Baker trains also must pay to be re-certified each year. We acquired the Baker DVSA and conducted a comprehensive analysis of the system. We determined that the literature describing the system was very misleading and that the system did not perform as advertised.

As contained in the transcript of his deposition dated 12/ 14/04, Mr. Baker admitted that most of the comparisons in his literature that he had made between the Baker DVSA and the Computer Voice Stress AnalyzerTM were either false, or were based on the analog CVSA that has not been produced since 1996. When asked why he did not inform potential clients that the comparison information was either false or was based on outdated technology, Mr. Baker stated "because I chose not to." He further stated that much of the information presented was his opinion, not facts. When asked why he did not correct the information when he found out that it was incorrect, he stated that he "was too busy and that he didn't want to." He stated that he didn't bother to validate any of the information, he simply spoke to several people and then presented it as fact.

On his website and in his literature, Mr. Baker claims that he has 'earned' M.A. & Ph.D. degrees. In his deposition Mr. Baker admitted that he did not graduate from college, but rather applied over the Internet to the American College of Metaphysical Theology (www.infonamericancollee.con) for a B.A., M.A., and Ph.D. The Web site states that most of the degrees can be obtained within one week. Mr. Baker stated that for a fee of $600.00, the ACMT granted him all three degrees. Ironically, his purchased Ph.D. is in Theocentric Business Ethics. When asked why he purchased the three degrees, Mr. Baker stated that he did so to "gain a professional advantage."

Mr. Baker was asked his credentials concerning his claim to be both a polygraph examiner and polygraph instructor. Mr. Baker stated his polygraph training consisted of attending a total of four days of polygraph seminars, however, he has taught two polygraph training courses and conducts forensic polygraph examinations on a regular basis. Mr. Baker stated that he held a polygraph license in Nebraska, but he couldn't remember how he obtained it. When pressed, he stated that he simply told the board that he was involved in polygraph testing and that they gave him a license. Mr. Baker also admitted that he has no law enforcement experience.

Mr. Baker also stated that he had filed for bankruptcy twice. Mr. Baker also admitted that he had a recent judgment against him in Brevard Co., FL, in the amount of $2,000.00 for unpaid credit card bills that have not been satisfied. Mr. Baker also stated that he had a federal tax lien against him for failure to pay employee withholding taxes. Mr. Baker stated that he has never paid the 1990 federal tax lien for $6,116.00 and that it is still in effect. The State of Nebraska also filed a $4,000.00 tax lien against him. Mr. Baker stated that following the bankruptcy, all of his assets were sold and he moved to Florida.

Mr. Baker was asked to explain from his resume who had certified him as a Certified Clinical Polygraph Examiner of Registered Sex Offenders, a Certified Clinical V SA Examiner for Registered Sex Offenders, and a Certified Clinical Polystress Examiner for Registered Sex Offenders. Mr. Baker stated that the International Society of Stress Analysts (ISSA) had. When asked what credentials he presented ISSA to obtain the certifications he stated none, that they just took his word for it. When asked where we could find the term

knew of no website, phone number or mailing address. He stated that he is not a member. When asked how many paid members ISSA had, he stated that he did not know. Further investigation has revealed that ISSA appears to be a shell organization. When asked why The Baker Group was not incorporated, he stated: "I chose not to."

When asked from his resume that contended that he was a member of the American Polygraph and Voice Stress Analysts Association, what position he held, he stated none, that he was not a member and had never attended any of their meetings. Asked where we could reach the APVSAA, Mr. Baker stated that he did not know. When asked how many voice stress examinations he had conducted, Mr. Baker stated around 10,000. He stated that he normally conducted 8-10 exams per day. According to the International Association of Certified Voice Stress Analysts (2,500 law enforcement examiner members), a VSA examiner should never conduct more than 5 exams per day.

Mr. Baker lists a number of law enforcement agencies as 'clients'. When questioned, Mr. Baker admitted that individuals from most of those departments acquired the DVSA free and paid for their own training, not the department. He admitted that he is unaware if any of those departments actually utilize the Baker DVSA. Unlike his public claims to sell only to law enforcement, Mr. Baker admitted that he sells to private persons and organizations.

Mr. Baker claimed in his deposition that he paid a psychologist, Dr. Fred Crowder, $10,000.00 to develop the Mental Attitude Profile (MAP) which he claims is a pre-employment psychological test that he distributes with the DVSA. He stated that Dr. Crowder developed and validated MAP at Peru State University, Peru, Nebraska. When a call was placed to the University, they stated that they had never heard of Dr. Fred Crowder. Further, there is no phone listing in the State of Nebraska for Dr. Fred Crowder and the Nebraska Occupational Licensing Board states that there is no Dr. Fred Crowder licensed as a psychologist in Nebraska.

Mr. Baker claims that his voice stress analysis training is generic, that he can train anyone on any VSA instrument, even though he has never even seen most VSA's. When, at the end of the deposition, Mr. Baker was asked if he knew what Copyright Infringement was, he answered "no."

Summary

Just as there were the "imitators" (CCS's Mark II, the Hagoth, LEA's Mark 5 and several others) when the original PSE started to develop the voice stress analysis market, we are seeing a repeat of this today. The Baker DVSA is a prime example. The National Institute For Truth Verification has single-handedly developed the truth verification market utilizing voice stress analysis over the past sixteen years with a little over 5,000 law enforcement examiner's at 1,400 law enforcement and federal agencies throughout the U.S. The CVSA is now also deployed with military Special Operations and Intelligence Units in Iraq and has a permanent presence at Guantanamo Bay. One of the many reasons for this is the fact that the NITV maintains the highest level of training standards and has developed an unquestioned reputation for integrity.

The deposition of Mr. Baker exposed that virtually everything about Baker and his DVSA is untrue and is meant to mislead potential clients. This includes his purchased B.A.,M.A., and Ph.D, all of which he claims in his literature and prior to the deposition, were earned. It appears that he has provided these false credentials to a number of government agencies in an attempt to gain their confidence and establish his credibility. Before you or your department invests in a truth verification system and the training that is so critical to properly conducting successful exams, it is imperative that you ask the tough questions and scrutinize the system, the company, the instructor and the acceptance of the training in the law enforcement community prior to making the acquisition. For more information on the Computer Voice Stress AnalyzerTm or the contact numbers for any VSA on the market today, visit our website at NITV I.com.

So that you may read this information for yourself, although it is fairly long, a complete copy of the transcript of Mr. Baker's deposition is available upon request by contacting the NITV at 561-798-6280.

## CIVIL COVER SHEET

JS 44   (Rev. 11/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

NITV, LLC

**DEFENDANTS**

ELWOOD GARY BAKER

(b) County of Residence of First Listed Plaintiff   Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

2006 MAR -9  PM 4: 32

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's Firm Name, Address, and Telephone Number

Joel B. Rothman, Esq.
Rutherford Mulhall, P.A.
2600 N. Military Trail, 4th Floor
Boca Raton, FL 33431

Attorneys (If Known)

**06-80223**
**CIV-HURLEY**
**HOPKINS**

West Palm Beach   80223-CIV-Hurley Hopkins

(d) Check County Where Action Arose:  ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☑ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☑ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Attempted monopolization under 15USC Sec. 2

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
March 9, 2006

FOR OFFICE USE ONLY
AMOUNT $250.00   RECEIPT # 936508   IFP
03/09/06